**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose P. RUIZ, aka Jose M. Ruiz, Defendant–Appellant.**

**No. 00–35209.**

**D.C. No. CV–97–05762–JET.**

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002 *.

Decided March 18, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FARRIS, W. FLETCHER and FISHER, Circuit Judges.

MEMORANDUM **

Jose P. Ruiz, a federal prisoner serving 168 months for controlled substance violations under 18 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C) and 846, appeals pro se the denial of his 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Ruiz contends the district court erred by denying, without an evidentiary hearing, his claim that his trial counsel was ineffective for failing to investigate Ruiz's psychological condition and failing to move for a downward departure based on diminished capacity. We review de novo the denial of a § 2255 motion, as well as the determination that a prisoner was not denied his Sixth Amendment right to counsel. *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir.1994). We review for an abuse of discretion the district court's failure to hold an evidentiary hearing under § 2255. *Id.* We find Ruiz's contentions unpersuasive.

Here, the district court did not abuse its discretion when it concluded that Ruiz failed to explain what a psychological evaluation might show or how it would be useful for his defense. His contention that evidence that he suffers from post-traumatic stress disorder would have been relevant to a defense of insanity, entrapment, or to negate specific intent is belied by his own admission that he committed these offense because he had been seduced by a confidential informant. *See id.* (explaining that prisoner is entitled to evidentiary hearing on his § 2255 motion "[u]nless the motion and the files and records of the

case conclusively show that the prisoner is entitled to no relief.") (quoting 28 U.S.C. § 2255). Consequently, there is no need for an evidentiary hearing on the issue of whether trial counsel's failure to investigate Ruiz's psychological condition was deficient, prejudicial and, consequently, ineffective. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring petitioner claiming ineffective assistance of counsel to show deficient performance that prejudiced the defense).

The district court also properly denied Ruiz's ineffective assistance claim without an evidentiary hearing as to the failure to move for downward departure. Even if Ruiz could prove his allegation that post-traumatic stress disorder rendered him more susceptible to committing this offense, such an allegation is not responsive to U.S.S.G. § 5K2.13. *See* § 5K2.13, cmt. n. 1 (permitting downward departure if defendant has a significantly impaired ability to understand wrongfulness of behavior comprising offense, or to exercise power of reason, or to control behavior that defendant knows is wrongful).

AFFIRMED.[1]

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We decline to address any issues not specified in the certificate of appealability. *See Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).